IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

FILED

MAY 17 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 08-41-M-DWM |
| Plaintiff/Respondent, | CV 12-54-M-DWM |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| WILLIAM DALE NEWHOFF, JR., | |
| Defendant/Movant. | |

On April 10, 2012, Defendant/Movant William Dale Newhoff ("Newhoff"), a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Newhoff also filed a brief in support.

**I. Preliminary Screening**

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

## II. Background

Newhoff was charged with being a felon in possession of a weapon and possession of a stolen firearm. Indictment (doc. 1). He contested the element of possession at trial. During jury deliberations, four jurors requested a transcript of all the testimony. As detailed below, ultimately they asked for the testimony of one witness, Jared Cochran. Counsel for each party was asked whether there was any objection to a readback of his testimony. No one objected, and Cochran's testimony was read again to the jury in open court. Shortly after re-adjourning to deliberate, the jury reached a verdict of guilty on both counts. Verdict (doc. 30).

Newhoff appealed, arguing that the readback of Cochran's testimony should have been accompanied by an instruction admonishing the jury not to give it undue emphasis. *United States v. Newhoff*, 627 F.3d 1163, 1167 (9th Cir. 2010). The Court of Appeals agreed it was plain error to omit the instruction, but it also held that Newhoff's substantial rights were not affected by the omission. *Id.* at 1169.

Newhoff filed a petition for writ of certiorari in the United States Supreme Court. It was denied on April 5, 2012. *Newhoff v. United States*, __ U.S. __, 131 S. Ct. 1838 (2011).

Newhoff timely signed his § 2255 motion and deposited it in the prison mail system on April 3, 2012. Mot. § 2255 (doc. 81) at 6, Movant Decl. ¶ C; 28 U.S.C. §

2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (establishing prison mailbox rule).

### III. Newhoff's Allegations

Newhoff now claims that trial counsel was ineffective because he allowed the jury to place undue emphasis on Cochran's testimony by not insisting on a full readback of all witnesses' testimony. Mot. § 2255 at 4-5 ¶¶ 12A-B; Br. in Supp. (doc. 82) at 1-4. Alternatively, he contends that counsel should at least have asked that Cochran's testimony be read back along with his own and Enid Hobbick's. Br. in Supp. at 5-8. He also claims that counsel "failed to listen to the Defendant during the actual trial," "failed to write the things down that the Defendant believed to be important," and was impatient with him. *Id.* at 4-5.

### IV. Analysis

*Strickland v. Washington*, 466 U.S. 668 (1984), governs claims alleging ineffective assistance of counsel. First, Newhoff must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

Second, Newhoff must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The jurors' first question was:

> Is it possible to look at the transcript of testimony by all called witnesses?

Jury Note (doc. 31) at 1.

Newhoff does not claim that counsel should have insisted the answer be "no." At any rate, that answer would not have been given. *See* Comment, 9th Cir. Jury Instr. Crim. 1.10 (2003) (citing *United States v. Damsky*, 740 F.2d 134, 138 (2d Cir. 1984), *cited in* Trial Tr. (doc. 73) at 163:17-22). And, regardless of what defense counsel said, common courtesy[1] demanded that the jurors be informed how long it would take to prepare the transcript.

The jurors' question was answered in the affirmative:

> It is possible to have a transcript prepared that would provide the testimony of all called witnesses. However, it will take approximately 2.5 to 3 hours to prepare and certify the transcript.

---

[1] The prosecutor happened to be the first to make the suggestion, Trial Tr. at 164:1-3, but the jurors would have been told how long it would take even if neither attorney suggested it. Two and a half to three hours is a very long and frustrating time to simply wait without knowing why or how long the wait will be.

> A transcript is not a substitute for your memory of what was said, nor would it substitute for your assessment of witness credibility. A juror's memory should prevail as authoritative if the memory differs from the recorded transcript.
> Please advise the Court in writing as to how you wish to proceed.

Jury Instruction (Supp.) (doc. 32) at 1 (following *United States v. Lujan*, 936 F.2d 406, 411-12 (9th Cir. 1991), *cited in* Trial Tr. at 165:12-25).

There was nothing unreasonable about defense counsel's agreement to this instruction. The jurors could have responded, "We will wait for the transcript," or they might have said, "Never mind," or they might have reconsidered their request and asked whether less than the entire transcript could be made available.[2] They chose the latter option:

> [I]s it possible and how much time would it take for just 1 witness?

*Id.*

Again, up to this point, there is no basis for finding counsel's performance

---

[2] Newhoff suggests that the particular language chosen prompted the jurors to abandon their real preference of obtaining the testimony of all the witnesses and forced them to settle for less. Br. in Supp. at 3. But suppose the supplemental instruction had said:
> A transcript is being prepared that will provide the testimony of all called witnesses. It will take approximately 2.5 to 3 hours to prepare and certify the transcript.
> A transcript is not a substitute for your memory of what was said, nor would it substitute for your assessment of witness credibility. A juror's memory should prevail as authoritative if the memory differs from the recorded transcript.

I do not think an instruction like this one would have resulted in the jurors deciding to wait three hours for a transcript. A delay was inevitable, the jurors were entitled to know it. There is no reason to think they would have heard all witnesses if an instruction like the hypothetical one had been given instead.

deficient. But this is where the rubber hits the road. Newhoff claims counsel should have insisted that the answer to this question be "No, it is not possible."

On what reasonable basis was counsel to decide whether it would be better to compel the jurors to choose between the whole transcript or none, on the one hand, or, on the other hand, just one witness? The most reasonable basis available was to find out which witness the jurors had in mind. And, after all, it was impossible to tell them how long it would take to transcribe and certify the testimony of one witness without knowing which witness was requested. *Compare, e.g.*, Trial Tr. (doc. 72) at 29:16-48:14 (testimony of Enid Rose Hobbick) *with id.* at 93:12-99:3 (testimony of John Komora). So the question was asked. "Which witness?" Jury Instruction (Supp.) (doc. 32) at 1. Again, up to this point, counsel's decisions were perfectly reasonable.

The jurors then responded, "Officer Cochran," *id.*, and counsel agreed to allow a readback of Cochran's testimony. Trial Tr. at 166:22-167:13.

The court of appeals held that failing to instruct the jury *not* to place undue emphasis on his testimony was plain error but did not affect Newhoff's substantial rights. *Newhoff*, 627 F.3d at 1169. For the same reasons the appellate court gave for that decision, it was not unreasonable for counsel to agree to the readback:

What is most striking about this particular readback is that Officer

ORDER / PAGE 6

Cochran, though called by the prosecution, provided the jury with the *strongest evidence for the defense*. This point was *well argued by the defense*. If the jury believed what Officer Cochran testified the other policeman told him, the gun was passed from the front-seat passenger, Christopher Phillips, to the backseat passenger, Hobbick. Since Newhoff was the driver, this part of Officer Cochran's testimony corroborated Newhoff's testimony that he did not possess the gun. The four jurors who requested Officer Cochran's testimony might have been asking for it to see whether it exonerated Newhoff, a position they might have been holding out for, not whether it convicted him. The testimony, though, also undercut Newhoff's defense. Officer Cochran also testified that Newhoff admitted handling the gun. Since the jury was read *all* of Officer Cochran's testimony, *they could listen again to both points*.

*Id.* (referring to counsel's closing argument before the jury began deliberating, Trial Tr. at 149:16-25) (emphases added).

It might have been reasonable to object to the readback of Cochran's testimony to prevent the jurors from hearing the unfavorable portion. But it was reasonable, as well, to agree to it, because a readback was the only way to allow the jury to hear again what was most favorable to the defense.

Had counsel, as Newhoff now suggests, asked to have Hobbick's and his own testimony read back as well, the motion would have been denied. Requiring the jury to review specific, unasked-for witnesses' testimony inevitably would have placed weighty and undue emphasis on those two witnesses' testimony, even if an admonition had been given.

Finally, Newhoff vaguely claims that counsel did not listen to him. He fails to

specify any respect in which he was prejudiced. Newhoff shows neither deficient performance nor prejudice; mere lack of rapport between attorney and client is not ineffective assistance. *Morris v. Slappy*, 461 U.S. 1, 13-14 (1983).

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Newhoff's motion conclusively fails to state a claim, and his claims of ineffective assistance have no substance. Counsel's decisions about the readback of Officer Cochran's testimony were reasonable throughout. His assertion that counsel should have insisted on a readback of not only Cochran's testimony, which the jurors requested, but two others as well would not have been granted, as it certainly would have placed undue emphasis on those two witnesses' testimony. He identifies no

ORDER / PAGE 8

prejudice resulting from his claim that counsel did not always listen to him and was impatient with him. Reasonable jurists would agree that his claims are conclusively foreclosed by *Strickland* and *Slappy*. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. All claims having been denied, Newhoff's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 81) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Newhoff files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 12-54-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Newhoff.

DATED this 17th day of May, 2012.

Donald W. Molloy
United States District Court